VIRGINIA:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL BRYANT | ) |
| | ) |
| And | ) |
| | ) |
| MARVIN MYERS | ) |
| | ) |
| On behalf of themselves and | ) |
| All others so similarly situated | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 7:17-CV-00061 |
| | ) |
| FAC Management Group LLC | ) |
| | ) |
| Serve: | ) |
| Corporation Service Co. | ) |
| 2711 Centerville Rd, Suite 400 | ) |
| Wilmington, DE 19808 | ) |
| | ) |
| And | ) |
| | ) |
| TBG FAC VA, LLC | ) |
| (trading as Dunkin Donuts) | ) |
| | ) |
| Registered Agent: | ) |
| Corporation Service Company | ) |
| Bank of America Center 16th Fl. | ) |
| 1111 E. Main St | ) |
| Richmond, VA 23219 | ) |
| Defendants. | ) |

# COLLECTIVE ACTION COMPLAINT

Plaintiffs, Michael Bryant and Marvin Myers individually and on behalf of all similarly situated employees, bring this Collective action lawsuit against Defendants FAC Management Group LLC and TBG FAC VA, LLC (trading as Dunkin Donuts) seeking to recover for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA"), Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

# PARTIES AND JURISDICTION

1. Plaintiffs Bryant and Myers are both residents of the Commonwealth of Virginia.

2. By acting as the named Plaintiffs in this action, Plaintiffs hereby consent to participate as Plaintiffs in an FLSA collective action.

3. Defendants FAC Management Group LLC and TBG FAC VA, LLC are both Delaware limited liability companies with their principal place of business in the State of New York.

4. All Defendants were Plaintiff's "employers" for purposes of the FLSA

5. During the relevant time period, Defendants have done or continue to do business as sellers of donuts and other baked goods in the City of Salem, doing business as Dunkin Donuts.

6. At all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7. At all times, Defendants had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times, Plaintiffs were individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

10. Plaintiffs were formerly employed by Defendants as assistant managers at the "Dunkin Donuts" located on Main Street in Salem, Virginia. Plaintiffs' approximate dates of employment are:

- Bryant: Spring through Dec. 2016.
- Myers: May through October 31, 2016.

11. At all times, Plaintiffs have typically worked at or about 6-7 shifts per week.

12. At all times, Plaintiffs have typically and customarily worked more than 40 hours per week.

13. At all times, Defendants have had knowledge of all hours Plaintiffs worked per week and suffered or permitted Plaintiffs to work all hours herein alleged.

14. At all times throughout Plaintiffs' employment, Defendants totally failed to pay Plaintiffs overtime wages as required by 29 U.S.C § 207(a).

15. At all times throughout Plaintiffs' employment, Defendants announced it was their "policy" that Defendants did not pay overtime wages, despite allowing and expecting their employees to work more than 40 hours a week.

16. Plaintiffs were not exempt from the overtime provisions of the FLSA.

17. Under information and belief Defendants own several Dunkin Donuts locations in Southwest Virginia.

18. Under information and belief it was the Policy of Defendants that they did not pay overtime at all their Dunking Donuts locations.

19. Defendants have also failed to pay Plaintiffs the federally required minimum wage for other hours worked.

20. Plaintiffs are pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals.

21. The collective action includes:

> i. Current and former employees who worked at the Southwest Virginia Dunkin Donuts locations owned and operated by Defendants; and

    ii. Who were not paid by Defendants for all hours worked at the hourly rate required by the FLSA.

  22. In the present case, the questions of law or fact common to the members of the collective action class predominate over any questions affecting only individual collective action class members.

  23. The essence of this entire case is the Plaintiff and other similarly situated individuals were not paid for hours worked at an hourly rate at least equal to the Federal minimum wage, and/or the overtime rate required by the FLSA.

  24. Common to Plaintiffs and all collective action class members is that each individual received wages from Defendants at a rate less than what is required by the FLSA for all hours worked each week.

  25. Specifically, each Plaintiff and each collective action class member is owed the difference between their regular hourly rates and the FLSA required rate and statutory damages under the FLSA.

  26. In the present case, the number of collective action class members is believed to exceed 50.

  27. All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

## CAUSES OF ACTION

### COUNT I

**Violation of Federal Fair Labor Standards Act**

28. Plaintiffs re-allege and reassert each and every allegation set forth above as if each were set forth herein.

29. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the Federal minimum wage, currently $7.25 per hour.

30. At all times, Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 206(a)(1) and 207(a).

31. At all times, Defendants were Plaintiffs' "employers" under the FLSA.

32. Defendants, as the employers of Plaintiffs were obligated to compensate Plaintiffs and other non-exempt employees for all hours worked at an hourly rate not less than the Federal minimum wage and at a rate not less than one and one-half times the regular rate at which he is employed for any work over 40 hours in a work-week.

33. At all times, Defendants failed to compensate Plaintiff's for all hours worked at an hourly rate not less than the Federal minimum wage.

34. At all times, Defendants failed to compensate Plaintiff's at a rate not less than one and one-half times the regular rate at which he is employed for any work over 40 hours in a work-week.

35. At all times, Defendants had actual knowledge that the compensation method and amount that Defendants paid Plaintiffs and other employees was less

than the compensation method and amount required by the FLSA, and in fact had a purposeful policy of not paying overtime as required.

36. Defendants' failure to pay compensation to Plaintiffs and other employees as required by the FLSA was willful and intentional, and not in good faith.

## COUNT II

37. Plaintiffs re-allege and reassert each and every allegation set forth above as if each were set forth herein.

38. FLSA section 215(a)(3) provides, in relevant part: "[I]t shall be unlawful for any person… to discharge or in any other manner discriminate against any employee because such employee has filed *any complaint* or instituted or caused to be instituted any proceeding under or related to this chapter…" (emphasis supplied).

39. The Plaintiff Bryant in this case has all filed the instant lawsuit against Defendant seeking relief for unpaid wages under the FLSA.

40. In response to Plaintiffs' notice of the impending Complaint, Defendants have caused Plaintiff Bryant to endure increased and unwarranted public criticism and humiliation at his new place of employment. Defendants and their agents have caused official complaints to be registered about Defendant Bryant at his new place of employment which have materially impacted his present employment and wages, causing him to lose an expected raise.

41. The above campaign of harassment of the Plaintiff Bryant has continued even in the face of warning by counsel that such behavior was considered retaliatory.

42. Defendants retaliated against Plaintiff Bryant as set forth above for complaining and asserting their rights to unpaid wages under the FLSA.

43. Defendants acted in bad faith in retaliating against Plaintiff Bryant for complaining to Defendants regarding Defendants' failure and to abide by the wage payments requirements of the FLSA.

44. As a result of Defendants' unlawful retaliatory actions, Plaintiff Bryant has suffered and continues to suffer past and future economic loss, severe mental anguish, and other damages.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit) for unpaid minimum wages and unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff Bryant for past and future economic loss, severe mental anguish, and other damages for the retaliation visited upon him, plus interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

MICHAEL BRYANT
MARVIN MYERS


By:   /s/ JOHNEAL M. WHITE
Johneal M. White, Esquire (VSB #74251)
Risa S. Katz, Esquire (VSB # 89312)
Attorney for All Plaintiffs
GLENN ROBINSON & CATHEY PLC
Fulton Motor Lofts
400 Salem Avenue, S.W. - Suite 100
Roanoke, Virginia  24016
(540) 767-2200 – Phone
(540) 767-2220 – Fax
*jwhite@glennrob.com*
rkatz@glennrob.com