# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MICHAEL BRYANT, <br> MARVIN MYERS, and <br> MICHAEL CHAPMAN <br><br> Plaintiffs, <br><br> v. <br><br> TBG FAC VA, LLC <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 7:17-cv-00061 <br> ) <br> ) <br> ) <br> ) |

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

COMES NOW Plaintiffs Michael Bryant, Marvin Myers, and Michael Chapman (collectively, "Plaintiffs") and TBG FAC VA LLC. ("Defendant") and jointly move this Court for entry of an Order Approving the Settlement and Dismissing this Action with Prejudice as the Parties have resolved this matter and all claims raised herein and stipulate to the dismissal of this action with prejudice. In support of the Motion, the Parties state as follows:

## FACTUAL BACKGROUND

1. Plaintiffs filed their Complaint on or about February 17, 2017 in the Western District of Virginia, Roanoke Division, seeking overtime compensation under the Fair Labor Standards Act ("FLSA").

2. Defendant filed its Answer and Affirmative Defenses to the Complaint, in which it, inter alia: (a) denied that Plaintiffs worked any hours, including overtime hours, for which they were not compensated; and (b) asserted that Plaintiffs' claims for overtime and liquidated damages could not be sustained because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

3. Counsel for the parties have engaged in extensive settlement discussions regarding Plaintiffs' claims.

4. The Parties also exchanged documents and information regarding Plaintiffs' claims and Defendant's defenses, including Plaintiffs' pay records, weekly schedules, pay stubs, and other business records related to the Plaintiffs.

5. Following a mediation before the Honorable Magistrate Judge Robert S. Ballou, the Parties reached a resolution of all claims.

6. Despite agreeing to resolve Plaintiffs' claims in this case, Defendant continues to deny that Plaintiffs are entitled to additional wages under the FLSA. Notwithstanding the factual and legal defenses that Defendant believes are applicable in this matter, Defendant determined that it preferred to amicably conclude the instant litigation, taking into account the cost and time associated with the ongoing defense of this case. Additionally, Defendant has taken into account the uncertainty and risks inherent in any litigation.

7. Plaintiffs determined that they preferred to amicably resolve the matter as Defendant was providing them each with a 100% of the amount they claimed to be owed, including an equal portion for liquidated damages.

8. The parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiffs and Defendant to evaluate the Parties' claims and defenses and make recommendations regarding the resolution of this matter.

9. A copy of the Parties' Confidential Settlement Agreement and Release is being attached hereto as Exhibit A.

## **MEMORANDUM OF LAW**

10. In agreeing upon their settlement reached herein, the Parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The Parties also respectfully submit that the settlement reached among the Parties should be approved by this Court as fair and reasonable. See 29 U.S.C. §216(c). Courts in the Fourth Circuit generally follow the factors set out in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). See Patel v. Barot, 15 F. Supp. 3d 648, 654 (E.D. Va. 2014). Pursuant to Lynn's Food, the Court reviews the parties' agreements to determine if they are "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton v. Frito-Lay, Inc., 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007).

11. At all times material hereto, Plaintiffs and Defendant were represented by counsel experienced in the litigation of FLSA claims. Both the terms and conditions of the Parties' Confidential Settlement Agreement and Release and the settlement amounts reflected therein were the subject of arm's length negotiations. The settlement amounts were based on information exchanged by the Parties in Settlement, including information contained in the Parties' mediation statements and Defendant's payroll records, weekly schedules, and paystubs. The Parties, therefore, respectfully submit that the settlement constitutes a reasonable compromise of Plaintiffs' claims consistent with the intent and purpose of the FLSA and the requirements of Lynn's Food.

12. The Parties agree that the lawsuit involves disputed issues, including: (a) whether or not Plaintiffs were paid for all hours worked; (b) whether the Defendant acted in good faith as

to bar all or part of Plaintiffs' claims; and (c) whether Plaintiff Bryant could state a claim for retaliation under the FLSA.

13. The complexity, expense, and length of future litigation also militate in favor of this Settlement. Plaintiffs and Defendant continue to disagree over the merits of the claims asserted by Plaintiffs. If the Parties continued to litigate this matter, they would be forced to engage in costly and protracted litigation in order to prove their claims and defenses. Therefore, even if the Plaintiffs succeed on the merits of their claims, which would require substantial additional time and exercise of resources by both Parties, the amount of Plaintiffs' recovery is uncertain. Because of the nature of Defendant's defenses, the range of recovery in this matter is zero to full damages. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. Based on the various issues in dispute and the uncertainty of the outcome of Plaintiffs' claims, Plaintiffs agree that the amount each is receiving pursuant to this settlement represents a reasonable compromise.

14. The last element the Court should evaluate in determining the fairness of the settlement is the reasonableness of the proposed attorneys' fees. In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. See City of Burlington v. Dague, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. See Barber v. Kimbrell's, 577 F.2d 216 (4th Cir. 1978).

15. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where both Parties stipulate as to the reasonableness of the attorney's fees. Id. at 12.

16. Here, the Parties stipulate that the amount allocated for attorney's fees and costs is reasonable based on the amount of time actually spent by Plaintiffs' counsel in prosecuting and

ultimately resolving these claims. Further, the amount allocated for attorney's fees and costs was apportioned equally between the Plaintiffs. As such, the Parties submit that the amounts allocated to the Plaintiffs and Plaintiffs' counsel, represent a fair resolution to this matter that should be deemed to pass judicial scrutiny under Lynn's Food Stores, Inc. v. U.S.

## CONCLUSION

Based upon the foregoing, the Parties respectfully request that the Court approve the settlement as fair and reasonable and dismiss this case with prejudice.

Respectfully Submitted,

**MICHAEL BRYANT, MARVIN MYERS AND MICHAEL CHAPMAN**

By:/s/ Johneal M. White_____

Johneal M. White, Esq.
Risa S. Katz, Esq.
**GLENN ROBINSON & CATHEY PLC**
400 Salem Avenue, SW, Suite 100
Roanoke, Virginia 24016
(540) 767-2200
(540) 767-2220 (fax)
jwhite@glennrob.com
rkatz@glennrob.com
*Counsel for Plaintiffs*

**TBG FAC VA, LLC**

By:  /s/ Carrie M. Harris_____

Carrie M. Harris (VSB #76817)
**SPILMAN THOMAS & BATTLE, PLLC**
310 First Street, Suite 1100
Post Office Box 90
Roanoke, Virginia 24002-0090
charris@spilmanlaw.com
(540) 512-1830
(540) 342-4480 (fax)
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL BRYANT, ) | |
| MARVIN MYERS, and ) | |
| MICHAEL CHAPMAN ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 7:17-cv-00061 |
| ) | |
| TBG FAC VA, LLC ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I, Johneal M. White, certify that on July 25, 2017, I electronically filed the foregoing **Joint Motion to Approve Settlement** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Carrie M. Harris (VA Bar No. 76817)
**SPILMAN THOMAS & BATTLE, PLLC**
310 1st Street, Suite 1100 (24011)
Post Office Box 90
Roanoke, Virginia 24002-0090
(540) 512-1829
(540) 342-4480 (fax)
charris@spilmanlaw.com
*Counsel for TBG FAC VA, LLC*

        **MICHAEL BRYANT, MARVIN MYERS
        AND MICHAEL CHAPMAN**

        By:/s/ Johneal M. White_____

        Johneal M. White, Esq.
        Risa S. Katz, Esq.
        **GLENN ROBINSON & CATHEY PLC**
        400 Salem Avenue, SW, Suite 100
        Roanoke, Virginia 24016
        (540) 767-2200
        (540) 767-2220 (fax)

jwhite@glennrob.com  
rkatz@glennrob.com  
*Counsel for Plaintiffs*

Case 7:17-cv-00061-MFU-RSB  Document 26  Filed 07/25/17  Page 8 of 8
Pageid#: 105