## CONFIDENTIAL GENERAL RELEASE AND SETTLEMENT AGREEMENT

THIS CONFIDENTIAL GENERAL RELEASE AND SETTLEMENT AGREEMENT (the "Agreement") is entered into by and between MICHAEL BRYANT ("Bryant") and MARVIN MYERS ("Myers") and MICHAEL CHAPMAN ("Chapman") (collectively "Plaintiffs") and TBG FAC VA, LLC t/a DUNKIN DONUTS ("FAC VA") (Plaintiffs and FAC VA are collectively referred to as the "Parties"):

WHEREAS, Plaintiffs filed a lawsuit in the United States District Court for the Western District of Virginia, Roanoke Division, entitled <u>Michael Bryant and Marvin Myers and Michael Chapman v. TBG FAC VA, LLC t/a Dunkin Donuts</u>, Case No.: 7:17-cv-00061 (the "Action"), alleging a claim for unpaid overtime wages in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et al.* ("FLSA") and Bryant also asserted a claim for retaliation in violation of the FLSA; and

WHEREAS, Plaintiffs have settled and compromised all claims against FAC VA, including, but not limited to, their claim for unpaid overtime wages under the FLSA, Bryant's claim of retaliation under the FLSA, and every claim asserted or which could or should have been asserted in the Action and any and all related claims which could have been asserted, whether they are presently known or unknown; and

WHEREAS, the merits of the claims made in the Action are the subject of a *bona fide* dispute and have not been adjudicated, and no party admits any liability or wrongdoing to any other but all have reasons to desire amicable resolution of the matter, including the avoidance of additional costs and disruption caused by continuing to litigate the matter; and

WHEREAS, the Parties agree that this Agreement was negotiated at arm's length and that the Parties were represented by experienced counsel who protected the rights of the Parties; and

WHEREAS, Plaintiffs have maintained and will maintain the confidentiality of the terms of this Agreement prior to and after its execution and understands that confidentiality is a material term of this Agreement; and

NOW, for and in consideration of the agreements, covenants and conditions herein contained, the adequacy and sufficiency of which are hereby expressly acknowledged by the parties hereto; the Parties agree as follows:

1. **Settlement Payment**: In consideration of Plaintiffs' acceptance of this Agreement, FAC VA shall pay to Plaintiffs the gross sum of TWENTY-SIX THOUSAND DOLLARS AND NO CENTS ($26,000.00) (the "Settlement Payment") the receipt and sufficiency of which shall be acknowledged as a full and complete settlement of any and all of Plaintiffs' claims encompassed or referred to in this Agreement or the Action, including Bryant's retaliation claim and payment in full for all hours Plaintiffs worked while employed by FAC VA, up to and including the date of this Agreement. The Settlement Payment shall be paid by FAC VA in the form of seven checks made out as follows:

A. The first check will be in the gross amount of ONE THOUSAND DOLLARS AND NO/100 CENTS and made payable to Bryant. FAC VA will deduct from this check all withholding taxes and other payroll deductions that FAC VA is required by law to make from wage payments to employees. This will be considered payment for all of Bryant's wage-related claims asserted in the Action (the "Bryant Wage Payment").

B. The second check will be in the gross amount of TWO THOUSAND ONE HUNDRED DOLLARS AND 00/100 CENTS ($2,100.00) and made payable to Myers. FAC VA will deduct from this check all withholding taxes and other payroll deductions that FAC VA is required by law to make from wage payments to employees. This will be considered payment for all of Myers' wage-related claims asserted in the Action (the "Myers Wage Payment").

C. The third check will be in the gross amount of TWO THOUSAND ONE HUNDRED DOLLARS AND 00/100 CENTS ($2,100.00) and made payable to Chapman. FAC VA will deduct from this check all withholding taxes and other payroll deductions that FAC VA is required by law to make from wage payments to employees. This will be considered payment for all of Chapman's wage-related claims asserted in the Action (the "Chapman Wage Payment").

D. The fourth check will be in the amount of SIX THOUSAND TWO HUNDRED DOLLARS AND 00/100 CENTS ($6,200.00) and made payable to Bryant. No deductions will be made from this amount. FAC VA shall issue a form 1099 as to this amount and, if requested by FAC VA, Bryant will complete a form W-9. This will be considered payment for Bryant's liquidated damages claim and the FLSA retaliation claim asserted in the Action.

E. The fifth check will be in the amount of TWO THOUSAND ONE HUNDRED DOLLARS AND 00/100 CENTS ($2,100.00) and made payable to Myers. No deductions will be made from this amount. FAC VA shall issue a form 1099 as to this amount and, if requested by FAC VA, Myers will complete a form W-9. This will be considered payment for Myers' liquidated damages claim asserted in the Action.

F. The sixth check will be in the amount of TWO THOUSAND ONE HUNDRED DOLLARS AND 00/100 CENTS ($2,100.00) and made payable to Chapman. No deductions will be made from this amount. FAC VA shall issue a form 1099 as to this amount and, if requested by FAC VA, Chapman will complete a form W-9. This will be considered payment for Chapman's liquidated damages claim asserted in the Action.

G. The seventh check will be in the amount of TEN THOUSAND FOUR HUNDRED DOLLARS AND NO CENTS ($10,400.00) and made payable to the Glenn Robinson & Cathey PLC as counsel for Plaintiffs ("Plaintiffs' Counsel"). No deductions will be made from this amount. FAC VA shall issue a form 1099

as to this amount and, if requested by FAC VA, Plaintiffs' Counsel will complete a form W-9. This will be considered payment for Plaintiffs' claim for attorney's fees and costs asserted in the Action. The payments provided for in Paragraphs 1(D), 1(E), 1(F) and 1(G) will be considered payment for all non-wage claims asserted in the Action (the "Non-Wage Payment").

H.   Plaintiffs will assume full liability (if any such liability may exist) for any and all federal, state and local taxes, plus any penalties, interest, costs and/or fees ("tax liability") Plaintiffs incur based upon the payment of the Non-Wage Payment made to Plaintiffs pursuant to this Agreement. FAC VA will be responsible for the employer share of the payroll taxes withheld on the Wage Payments.

The Settlement Payment shall be made as described above within fourteen (14) calendar days after the later of (1) FAC VA's receipt of completed form W-9s from Plaintiffs and Plaintiffs' Counsel; or (2) Court approval of the Agreement.

2.   **No Admission of Liability:**   This Agreement and the settlement and compromise that it represents reflects a reasonable compromise concerning *bona fide* disputes between the Parties with respect to liability and the amount of any liability under the FLSA. This Agreement is entered into for the purpose of allowing the Parties to avoid further expense and disruption of litigation, and the amounts and terms of the Agreement and the Settlement Payment provided for herein represent full, fair and just compensation for Plaintiffs' claims under the FLSA. Plaintiffs agree to accept the Settlement Payment described in Paragraph 1 as compensation in full for all unpaid hours worked during their employment with FAC VA up through the date they sign this Agreement. This Agreement and settlement do not constitute an admission by FAC VA of any violation of any federal, state or local law, regulation or local requirement, contractual obligation, or any duty whatsoever whether based in statute, regulation, common law, or otherwise. FAC VA expressly denies that any liability or any such violation has occurred as to Plaintiffs, or any other person, entity or authority, or that any decisions or actions taken in connection with Plaintiffs' employment were unwarranted, unjustified, retaliatory, discriminatory, wrongful or otherwise unlawful.

3.   **Dismissal of The Action:**   Upon receipt of the Settlement Payment, Plaintiffs shall direct their attorney to endorse an order dismissing the Action with prejudice without further costs or fees, and to join in a motion filed by FAC VA seeking court approval of the settlement described herein.  The language of such a motion will be agreed upon by the Parties. Dismissal of the Action with prejudice is a material term of the settlement between the Parties.

4.   **Release:**

A.   Plaintiffs, personally and for their estate and their heirs, successors and assigns, unconditionally waive, release and give up every claim, demand, obligation, damage, liability, cause of action and right of every kind, in law or in equity, known and unknown, that any or all of them have or may have against FAC VA and its employees (present and former), and their respective predecessors, successors, and heirs, executors and personal or legal

3

representatives (the "FAC VA Released Parties"), based on, arising from or having any connection with any act, event or omission related to, arising from, or in connection with Plaintiffs' employment with FAC VA, including, but not limited to, every claim asserted or which could or should have been asserted in the Action. Plaintiffs irrevocably and unconditionally release and discharge the FAC VA Released Parties from any and all obligations, claims, demands, judgments, or causes of action of any kind whatsoever relating to Plaintiffs' employment with FAC VA, whether in tort, contract, by statute, or on any other basis for compensatory, punitive, or other damages, expenses, reimbursements or costs of any kind, including but not limited to attorney's fees, suit costs, interest, and every federal, state and local law claim which Plaintiffs have, whether statutory or common law, including, but not limited to claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Civil Rights Act of 1866, the Fair Labor Standards Act of 1938, the Equal Pay Act, the Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1990, the Family and Medical Leave Act ("FMLA"), the Employee Retirement Income Security Act of 1974, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the Americans With Disabilities Act, Executive Orders 11246 and 11141, and the Virginia Human Rights Act.

This release is intended to be full, complete, and unconditional, and this release forever extinguishes, without exception, every known and unknown claim, right and demand that Plaintiffs have against FAC VA and the FAC VA Released Parties from the beginning of the world until the effective date of this Agreement relating to Plaintiffs' employment with FAC VA.

    B.  Notwithstanding the foregoing, the Parties agree that nothing in this Agreement shall be construed to prohibit the exercise of any rights by any party that the Parties may not waive as a matter of law.

  5.  **No Future Lawsuits:**

    A.  Plaintiffs will not file a lawsuit asserting any claims that are released in Paragraph 4. In the event any of the Plaintiffs breach Paragraph 4, the Plaintiffs who breach Paragraph 4 shall pay to FAC VA all of its expenses incurred as a result of such breach, including but not limited to, reasonable attorney's fees and expenses.

    B.  Notwithstanding the foregoing, nothing in this Agreement shall be construed to prohibit the exercise of any rights by any party that the Parties may not waive as a matter of law, including the right of Plaintiffs to file a charge or claim of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") or to participate in an investigation by the EEOC or any other governmental entity.

    C.  Notwithstanding the foregoing, nothing in this Agreement shall prohibit any of the Parties from bringing a lawsuit to enforce the terms of this Agreement. The Parties agree that in the event litigation is brought to enforce the terms of this Agreement, the non-prevailing party shall be liable to the prevailing party for all reasonable attorneys' fees and costs incurred in such litigation.

6. **Non-Release of Future Claims:** This Agreement also does not waive or release any rights or claims that Plaintiffs may have which arise after the date that Plaintiffs sign this Agreement.

7. **Confidentiality:** Unless specifically directed to do so by law, subpoena or Court Order, Plaintiffs will not disclose, either directly or indirectly, in any manner whatsoever, any information regarding the terms of this Agreement, or the facts giving rise to the claims in the Action, to any person, or organization including, but not limited to, any governmental body, entity or official, members of the press or other media, present and former directors, officers, employees and agents of FAC VA and other members of the public.

This Paragraph shall not preclude Plaintiffs from disclosing the existence or terms of this Agreement to their immediate family or to their accountants, financial advisers, attorneys, or the appropriate taxing authorities. In the event Plaintiffs makes such a disclosure, they agree to advise the party to whom they are making the disclosure that the information is confidential and that it should not be disclosed to anyone else.

If asked by anyone else about the status of the litigation against FAC VA, Plaintiffs shall respond that "the matter is no longer pending."

Notwithstanding the foregoing or anything else in this Agreement to the contrary, the Parties agree that they shall jointly seek Court approval of the settlement of the Action, and that any Party may provide the Court with such information concerning the settlement as is necessary to seek such approval, including but not limited to filing a copy of this Agreement with the Court. Notwithstanding the public's right of access to such Court procedures, it is the Parties' intent to be bound by the confidentiality provisions of this Agreement in all other respects.

8. **Mutual Non-Disparagement.** The Parties will not make, or induce others to make, any statement which impugns, defames, disparages, criticizes, negatively characterizes or casts any party, its subsidiaries, directors, officers, or employees in an unfavorable light. The Parties further agree that they will not assert that any party or any of its employees has acted improperly or unlawfully with respect to any of the matters relating to the Lawsuit.

9. **Attorney's Fees and Costs:** The Parties to this Agreement will each bear their own costs and attorneys' fees which have been incurred in connection with Plaintiffs' claims, the Action and this Agreement, except as otherwise provided by this Agreement.

10. **Entire Agreement:** This Agreement contains the sole and entire agreement between the Parties and fully supersedes any and all prior agreements and understandings pertaining to the subject matter hereof. Specifically, the Parties acknowledge that they were represented by experienced counsel, this Agreement was reached as the result of arm's length negotiations, and prior to executing this Agreement, the Parties were able to consult with their respective attorney, they had ample time to do so, they obtained the advice of counsel of their choice prior to making the decision to execute this Agreement, and they have not relied upon any representation or statement not set forth in this Agreement with regard to the subject matter of

this Agreement. No other promises or agreements shall be binding unless in writing, signed by the Parties and expressly stated to represent an amendment to this Agreement.

11. **Severability:** The Parties agree that if any court declares any portion of this Agreement unenforceable, the remaining portions shall be fully enforceable.

12. **Applicable Law:** This Confidential General Release and Settlement Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Virginia without regard to conflicts of laws principles. Any action to enforce or interpret this Confidential General Release and Settlement Agreement shall only be brought in the Roanoke Division of the United States District Court for the Eastern District of Virginia.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed.

**MICHAEL BRYANT**

*[signature]*

Dated: 7-17-17

**MARVIN MYERS**

*[signature]*

Dated: 7/17/17

**MICHAEL CHAPMAN**

*[signature]*

Dated: 7/17/17

**TBG FAC VA, LLC t/a DUNKIN DONUTS**

*[signature]*

By: Peter Marrinan, President/CEO

Dated: 7·17·17

6