CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 29 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL BRYANT, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 7:17-cv-061 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| TBG FAC VA, LLC ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on plaintiffs Michael Bryant, Marvin Myers, and Michael Chapman (collectively, "plaintiffs") and defendant TBG FAC VA LLC's ("defendant") joint motion to approve settlement and dismiss with prejudice. ECF No. 26. Plaintiffs and defendant have submitted a confidential agreement in settlement of plaintiffs' claims seeking overtime compensation under the Fair Labor Standards Act ("FLSA"). As required by Federal law, see Patel v. Barot, 15 F. Supp. 3d 648, 653 (E.D. Va. 2014), the parties ask the court to approve the settlement, and dismiss this matter. In support of this request, the parties assert the following:

1. "[T]hey obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses." ECF No. 26, at 3.

2. "At all times material hereto, Plaintiffs and Defendant were represented by counsel experienced in the litigation of FLSA claims. Both the terms and conditions of the Parties confidential Settlement Agreement and Release and the settlement amounts

1

reflected therein were the subject of arm's length negotiations," and were "based on information exchanged by the Parties in Settlement, including information contained in the Parties' mediation statements and Defendant's payroll records, weekly schedules, and paystubs." Id.

3. "[T]he settlement constitutes a reasonable compromise of Plaintiffs' claims consistent with the intent and purpose of the FLSA . . . ." Id.

4. "The Parties agree that the lawsuit involves disputed issues." Id. Because the parties "continue to disagree over the merits of the claims," the "complexity, expense, and length" of potential future litigation render "the amount of Plaintiffs' recovery . . . uncertain," and militate in favor of settlement. Id. at 4. Thus, "[p]laintiffs determined that they preferred to amicably resolve the matter as [d]efendant was providing them each with a 100% [sic] of the amount they claimed to be owed, including an equal portion for liquidated damages." Id. at 2.

5. "[T]he Parties stipulate that the amount allocated for attorney's fees and costs is reasonable based on the amount of time actually spent by Plaintiffs' counsel in prosecuting and ultimately resolving these issues. Further, the amount allocated for attorney's fees and costs is apportioned equally between the Plaintiffs." Id. at 4–5.

Courts considering settlements under the FLSA typically follow the guidance set out in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). "In order to promote the policy of encouraging settlement of litigation," Lynn's Food Stores allows the court to approve settlement of FLSA claims where the settlement "reflects 'resolution of a bona fide dispute,' and is 'a reasonable compromise over [the] issues.'" Hendrix v.

2

Mobilelink Va., LLC, No. 2:16cv394, 2017 WL 2438067, at *1 (E.D. Va. May 26, 2017) (brackets in original) (citations omitted) (quoting Lynn, 679 F.3d at 1354–55).

> While the Fourth Circuit has not squarely addressed the factors to be considered in determining a "reasonable compromise" in a FLSA settlement, district courts usually consider the following:
>
> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

Id. (brackets in original) (citing Saman v. LBDP, Inc., No. DKC 12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013)).

"[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" Saman v. LBDP, Inc., No. DKC 12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (quoting Lane v. Ko-Me, LLC, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)).

> Thus, in order for a court to approve a contingent fee pursuant to a FLSA settlement agreement, the court must find (1) that the fees were <u>negotiated separately</u> from the damages, so that they do not infringe on the employee's statutory award, and (2) that they are reasonable under the lodestar approach.[1]

Hendrix, 2017 WL 2438067, at *2 (internal quotation marks omitted).

---

[1] The "lodestar" figure—"the guiding light of [Supreme Court] fee-shifting jurisprudence," is simply "the product of reasonable hours times a reasonable rate." City of Burlington v. Dague, 505 U.S. 557, 559, 562 (1992).

3

The court concludes that the settlement should be approved. First, the settlement represents resolution of a bona fide dispute. The parties so represented in their motion, ECF No. 26, at 2 ("Despite agreeing to resolve Plaintiffs' claims in this case, Defendant continues to deny that Plaintiffs are entitled to additional wages under the FLSA."), and the court accepts that representation. Second, the settlement is a reasonable compromise. At the hearing, counsel for plaintiff represented that the settlement provides plaintiffs with 100% of their claimed lost wages, 100% of liquidated damages, and an additional amount for attorneys fees (discussed infra). Clearly, the amount of settlement militates strongly in favor of judicial approval. Litigation in this matter would represent additional complexity and expense, and would render any potential recovery uncertain, whereas, under this agreement, plaintiffs recover the full amount they seek. Moreover, there is no reason to suspect fraud or collusion in the settlement, and counsel are unanimously in favor of approval. The factors identified in Lynn's Food Stores weigh in favor of approval.

Second, the attorneys' fees provisions of the settlement are reasonable. At the hearing, plaintiff's counsel clarified that the amount for attorneys' fees was in addition to the settlement amount provided to the plaintiffs, and are not subtracted from plaintiffs' full recovery. Attorneys' fees are also listed separately in the settlement agreement. Both these facts suggest that attorneys' fees were the product of independent negotiation. Moreover, under the lodestar approach, these fees are a reasonable function of hours worked. Plaintiff's counsel specified that the $10,400 amount allocated to attorneys' fees represents compensation for 99.2 hours of firm time (38.3 hours for lead counsel, 47 hours for associate counsel, and 13.9 hours for paralegal work) at $10,000, plus $400 for the filing fee.

4

This amounts to an hourly rate of $100.81 on average, which the court finds reasonable. See Lyle v. Food Lion, Inc., 954 F.2d 984, 988 (4th Cir. 1992) (finding, twenty-five years ago, that $90 per hour was a reasonable hourly rate).

For the foregoing reasons, the court hereby **APPROVES** the settlement agreement entered into by the parties and **DISMISSES** this matter **with prejudice**. This action is hereby **STRICKEN** from the active docket of this court.

It is **SO ORDERED**.

Entered: 08-28-2017

Michael F. Urbanski
Chief United States District Judge